KC FILED
DEC 2 0 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 07CR 0858 |
| ) | No._____ |
| v. ) | Violations: Title 26, United States Code, |
| ) | Sections 7201 and 7206(1) |
| JON A. DARMSTADTER ) | |

JUDGE COAR

MAGISTRATE JUDGE COLE

## COUNT ONE

The SPECIAL AUGUST 2006-2 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant JON A. DARMSTADTER was a resident of Northbrook, Illinois, in the Northern District of Illinois, Eastern Division.

    b. Defendant JON A. DARMSTADTER was an officer of The Children's Beverage Group, Inc. ("Children's Beverage Group" or "CBG") located in Northbrook, Illinois. The Children's Beverage Group was a publicly-owned corporation and its common stock was registered with the Securities and Exchange Commission and was publicly traded on the OTC Bulletin Board system.

2. Beginning in approximately 1998, defendant JON A. DARMSTADTER caused three accounts to be opened with a Canadian brokerage firm in the name, respectively, of Fairchild Investment Fund, Ltd. ("Fairchild"); Ranger Enterprises, Inc. ("Ranger"); and Optimus Corporation ("Optimus"). Defendant JON A. DARMSTADTER had access and control over each of the three brokerage accounts. Defendant JON A. DARMSTADTER

1

also caused bank accounts to be opened in the name of Fairchild, Ranger, and Optimus at a financial institution off-shore, in the Turks and Caicos Islands, British West Indies. Defendant JON A. DARMSTADTER had access and control over each of the three bank accounts at the off-shore financial institution.

3. Beginning in 1998, defendant JON A. DARMSTADTER caused the brokerage firm accounts of Fairchild, Ranger, and Optimus to receive numerous shares of Children's Beverage Group stock and caused the brokerage firm to sell Children's Beverage Group stock. In order to hide his receipt of some of the stock sale proceeds and to avoid the proceeds being properly reported as income on his federal income tax return, defendant JON A. DARMSTADTER caused the Canadian brokerage firm to transfer some of the proceeds of the Children's Beverage Group stock sales to a Fairchild, Ranger, or an Optimus account at the off-shore financial institution in the Turks and Caicos Islands, British West Indies, including at least:

For 2000:

| Name on Canadian Brokerage Account | CBG Shares Sold | Net Proceeds of CBG Stock Sale | Stock Sale Proceeds Transferred to the Off-Shore Account |
|---|---|---|---|
| Fairchild | 400,000 | $ 86,209.41 | $ 24,936.17 |
| Ranger | 1,393,167 | $ 424,164.87 | $ 117,247.40 |
| Optimus | 280,000 | $ 138,870.75 | $ 121,516.59 |
| | | Total: | $ 263,700.16 |

4. Beginning no later than 1998, defendant JON A. DARMSTADTER caused

bank card accounts to be opened and one or more bank cards to be issued by the off-shore financial institution in the Turks and Caicos Islands, British West Indies, in the name of Fairchild and caused to be used and used the bank card account(s) to obtain funds and to use those funds to pay for his business and personal expenditures. For example, on or about December 21, 2000, defendant DARMSTADTER caused a bank card account issued by the off-shore financial institution to be used to pay $2,000 for expenses incurred at a boutique in Houston, Texas.

5. On or before approximately December 31, 2001, defendant JON A. DARMSTADTER provided information to an accountant to prepare his federal income tax return, Form 1040, for 2000 for filing with the Internal Revenue Service. DARMSTADTER knowingly failed to advise the accountant of the sale of numerous shares of Children's Beverage Group stock in the three Canadian brokerage accounts; the transfer of some of those stock sale proceeds to an off-shore financial institution, in the Turks and Caicos Islands, British West Indies; and DARMSTADTER's use of bank card accounts issued by the off-shore financial institution to obtain and use some of those proceeds, in order to hide his receipt of the proceeds and to avoid properly reporting the proceeds as income on his federal income tax return. In addition, by failing to disclose his interest in or authority over the accounts at the off-shore financial institution, DARMSTADTER knowingly caused the accountant to omit that information as required on a Form 1040, Schedule B.

6. On or about December 31, 2001, defendant JON A. DARMSTADTER filed

and caused to be filed a material false and fraudulent United States Individual Income Tax Return, Form 1040, which was filed with the Internal Revenue Service on behalf of himself, wherein it was stated that defendant DARMSTADTER's total income for calendar year 2000 was the sum of $604,000, and that the amount of tax due and owing thereon was the sum of $121,280; whereas defendant DARMSTADTER then and there well knew that his total income for that calendar year was substantially in excess of $604,000; that he owed additional tax to the United States in a substantial amount beyond what he reported that he owed on his tax return; and that he failed to disclose his interest in or authority over the accounts at an off-shore financial institution as required on a Form 1040, Schedule B.

7. From as early as 1998 and continuing until on or about December 31, 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

JON A. DARMSTADTER,

defendant herein, did willfully and knowingly attempt to evade and defeat the assessment and collection of substantial income tax due and owing to the United States for the 2000 calendar year, by the following affirmative acts, among others:

a. the affirmative acts contained in paragraphs 1 through 6 of Count One are incorporated and realleged as though fully set forth herein;

All in violation of Title 26, United States Code, Section 7201.

## COUNT TWO

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. Paragraphs 1 through 6 of Count One are incorporated and realleged as though fully set forth herein.

2. On or about December 31, 2001, in the Northern District of Illinois, Eastern Division,

### JON A. DARMSTADTER,

defendant herein, a resident of Northbrook, Illinois, willfully made and subscribed a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2000, which return was verified by written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that:

   a. the return falsely stated on Line 22 that his total income was $604,000, whereas defendant DARMSTADTER then knew and believed that DARMSTADTER failed to disclose additional income received during the calendar year 2000 from the proceeds of sale of Children's Beverage Group stock;

   b. the return failed to include a Schedule B and thus failed to disclose DARMSTADTER's interest in or authority over the accounts at the off-shore financial institution, whereas DARMSTADTER then knew and believed that DARMSTADTER had interest in and authority over financial accounts in a foreign country, including several

bank accounts in the Turks & Caicos Islands, British West Indies; and

    c) the return stated on line 57 of Form 1040 that the total tax owed was $121,280, whereas defendant JON A. DARMSTADTER then knew and believed that the amount of taxes owed was substantially in excess of that amount;

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY