UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  07 CR 754 |
| | ) | Hon. David H. Coar |
| JON A. DARMSTADTER. | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE**
**TO DEFENDANT'S PRE-TRIAL MOTIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, files this consolidated response to defendant's eight pre-trial motions, and responds to those motions as follows:

**DEFENDANT FAILED TO COMPLY WITH LOCAL CRIMINAL RULE 16.1**

Defendant has filed eight pretrial motions that are largely boilerplate pretrial discovery motions.  Some weeks earlier, on February 29, 2008, the government sent defendant a Rule 16.1 letter, and that letter addressed virtually all of the issues now raised in defendant's discovery motions.  Defendant has not sought to confer with the government about any of those issues.  Accordingly, the government objects to the various motions because defendant has failed to comply with  Local Criminal Rule 16.1.  Local Rule 16.1 is designed to avoid wasting the time of the Court and the parties with unnecessary motions, and it explicitly requires that a defendant filing discovery motions include a statement relating to the Rule 16 conference and the areas where agreements on discovery could not be reached.  The rule also provides that "[t]he court will not hear a motion for additional discovery or inspection if it does not conform to the procedural requisites of this section,"

Rule 16.1 (emphasis added). Defendant did not confer with the government, and no Rule 16.1 statement is attached to any of the motions. Therefore, in accordance with Rule 16.1, the government moves that the Court strike all of defendant's discovery motions.

Should the Court determine to consider the merits of the motions, the government responds to defendant's eight motions as follows.

**DEFENDANT'S MOTIONS SHOULD BE DENIED FOR VARIOUS REASONS**

**1.　Motion for a Bill of Particulars**

Defendant has moved for a bill of particulars, specifically requesting: (a) the dates, times, and places involved and the names and current residence addresses of all those involved in the allegations in the counts of the indictment; (b) the names and addresses of every person relied upon by the prosecution for information as to the offense alleged in each count of the indictment; (c) the name and address of every person whom the prosecution expects to call as a witness to prove the offense charged in each count of the indictment; (d) with respect to any potential prosecution witness, co-defendant or co-conspirator, all charges or convictions, specifically indicating (i) the court, (ii) case number, (iii) the offense charged, and (iv) the disposition.

Defendant's motion for a bill of particulars should be denied. The decision whether to require a bill of particulars is within the sound discretion of this Court, and will not be overturned absent a showing of an abuse of discretion. See United States v. Canino, 949 F.2d 928, 948 (7th Cir. 1991), cert. denied, 504 U.S. 915 (1992). "The standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to

prepare for trial." Id.

In United States v. Kendall, 665 F.2d 126, 134 (7th Cir.), cert. denied, 455 U.S. 1021 (1981), the Seventh Circuit set forth several principles applicable to determining whether a bill of particulars is necessary: "It is established that 'a defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.'" (id. at 135; citations omitted); and a defendant "has no right to know the details of the evidence to be produced by the Government." Id. (emphasis in original). Rather, "[t]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." Id. (citations omitted). See also United States v. Stoecker, 1996 WL 120515 *11 (N.D. Ill. 1996).

A bill of particulars is not necessary in the instant case because the indictment clearly informs the defendant of the nature of the tax charges against him. Moreover, the government has provided the defense with hundreds of pages of discovery, including financial and business records, and that production is continuing. Defendant does not argue that the information is insufficient. Given the information available to defendant, together with the plain language of the indictment, there is no need for a bill of particulars. See United States v. Masoud, 1996 WL 112036 (N.D. Ill. 1996)("The discovery essentially showed how the government intends to prove the charges). Accordingly, the motion should be denied.

**2 and 3.   Motion for Disclosure of Favorable Evidence and
              Motion for Discovery**

Under the heading "Motion for Disclosure of Favorable Evidence," defendant has moved, pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), for the disclosure of various categories of exculpatory or impeaching evidence, as well as prior statements of witnesses which would be subject to production pursuant to 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.  Separately, under the heading "Motion for Discovery," defendant has moved for a bill of particulars, disclosure of materials subject to disclosure under Rule 16, and some of the same impeaching evidence sought under the motion for favorable evidence, e.g., criminal records of the government's witnesses. Without specifically addressing each of the numerous categories of evidence identified in defendant's two motions, the government acknowledges its obligations under both Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and states that it will comply with these obligations.  To date, as noted above, the government has provided defense counsel with numerous pages of discovery.  The government is not aware of any evidence that falls within the purview of Brady that has not been turned over or made available to defendant, and the government will comply with its obligation to turn over any such evidence if the government becomes aware of it in the future.  Likewise, the government will honor its obligation under Giglio to provide defendant with evidence reflecting any agreement between the government and any witness, as well as any evidence negatively affecting any witness's credibility.  In that regard, the government proposes to

provide all impeachment/<u>Giglio</u> evidence then available to the government no later than two weeks prior to trial in this case.

On this record, these two discovery motions should be denied as moot. The district courts in the Seventh Circuit "have repeatedly held that where the government has made assurances it will comply with <u>Brady</u> and <u>Giglio</u>, those assurances are sufficient." <u>United States v. Butler</u>, 1994 WL 69387, *2 (N.D. Ill. Feb. 4, 1994) (citing <u>United States v. Carlisi</u>, No. 93 CR 1064 (N.D. Ill. Aug. 25, 1993); <u>see also</u> <u>United States v. Hoover</u>, 1997 WL 80947, *1 (N.D. Ill. Feb. 20, 1997) ("As here, '[w]here the government has made repeated assurances it will comply with . . . <u>Brady</u>, those assurances are sufficient.'").[1] Similarly, to the extent the motions seek materials required to be produced under Rule 16, the motion should be denied as moot because the government has agreed to provided (and or/preserve) the information defendant requests. <u>See</u> <u>United States v. Pelini</u>, 896 F. Supp. 795, 797 (N.D. Ill. 1995); <u>see also</u>  <u>United States v. Bainbridge Management, Inc.</u>, 2002 WL 538777 at * 5 (N.D. Ill. 2002).

---

[1]The agreement to disclose <u>Brady</u> and <u>Giglio</u> evidence known to the government in advance of trial is more than sufficient. <u>See, e.g.</u>, <u>United States v. Balogun</u>, 971 F. Supp. 1215, 1231 (N.D. Ill. 1997) ("The court notes that the government is not even required to turn over <u>Giglio</u> or <u>Brady</u> evidence before trial . . . Thus, the court finds the government's offer to disclose <u>Giglio</u> evidence at least three weeks in advance of trial sufficiently generous."). We note, too, that the government's acknowledgment of its obligations under <u>Brady</u> and <u>Giglio</u> should not be interpreted as a stipulation to provide defendant with all of the materials requested in his motion for favorable evidence. Rather, the government will abide by the law in this Circuit and will provide defendant with all materials to which he is entitled.

**4.     Motion for the Disclosure Relating to a Confidential Informant.**

Defendant has moved for disclosure of the identity and addresses of any confidential informant present during the crime charged in the indictment and, additionally, the content of any communication made by any informant. The government acknowledges that if a cooperating individual testifies as a witness in the government's case-in-chief, the cooperating individual's identity shall be disclosed to the defense under Roviaro. Certain aspects of cooperation, such as any promises or inducements given to an individual in exchange for cooperation, may be properly characterized as Giglio material and, therefore, will be provided to the defendant through proper disclosure of Giglio materials.

Defendant's request for the contents of any communication by any informant, however, is impossibly vague and extends far beyond the government's obligations under 18 U.S.C. 3500. No authority supports this blanket request. It is well settled that the identity of non-testifying confidential informants is presumptively privileged, and, accordingly, a defendant is not entitled to know of the existence or the identity of such persons. The government is granted this privilege against disclosure of informants--which is designed to promote society's fundamental interest in detecting crime--as of right. Defendant can overcome this privilege only if he can establish that "the identification of the informant or of a communication *is essential* to a balanced measure of the issues and the fair administration of justice." Dole v. Local 1942, 870 F.2d 368, 372 (7th Cir. 1989) (emphasis added) (citing Roviaro, 353 U.S. 53, 60-61 (1957)). Defendant cites no reason why it is necessary for him to obtain information concerning a non-testifying confidential informant

and therefore, does not come close to discharging this heavy burden.[2]  To proceed, defendant should be required to submit to the Court a statement of reasons the information sought is sufficient to overcome the privilege.  The government requests an opportunity to respond in writing to defendant's submission.

**5.     Motion for Electronic Surveillance Used in the Investigation of this Case**

Defendant has moved for electronic surveillance used in the investigation of this case.  The government is not aware of any electronic surveillance used in the investigation of this case.  Accordingly, this motion should be denied as moot.

**6.     Motion for a Santiago Hearing**

Defendant has moved for a pre-trial hearing to determine the admissibility of any co-conspirator's statements which the government intends to introduce or, in the alternative, that the government file four weeks before trial the pre-trial proffer of the evidence of the conspiracy that the government intends to use.  The government has agreed to file any

---

[2]The doctrine of the informer's privilege, under which the identity of non-testifying government informants is presumptively non-discoverable, is a time-honored principle of law. See Dole, 870 F.2d at 372. For a defendant to rebut the presumption against disclosure, he bears the burden of establishing that "the identification of the informant or of a communication is essential to a balanced measure of the issues and the fair administration of justice." Dole, 870 F.2d. at 372; United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993) (defendant must establish that defendant "possesses a genuine need of informant disclosure that outweighs the public's interest"); United States v. Andrus, 775 F.2d 825, 842 (7th Cir. 1985) (same). "The privilege will not yield to permit a mere fishing expedition . . . nor upon the bare speculation that the information may possibly prove useful." Dole, 870 F.2d at 373 (internal citations omitted).  Nor will it yield to "the naked assertion of [the defendant's constitutional] right to confront and cross-examine." United States v. Spears, 965 F.2d 262, 273 (7th Cir. 1992).

Santiago proffer no later than two weeks before trial. We request that the Court adopt this schedule and deny the motion as moot.

**7.    Motion for Pre-trial Production of Jenck's Act Material**

Defendant has moved for pre-trial production of Jenck's Act material and, in that same motion, summaries of the statements of anyone the government has interviewed but will not call as a witness. As to the Jenck's Act materials, the government has agreed to provide any material pursuant to 18 U.S.C. 3500 no later that three weeks prior to trial. Accordingly, that portion of the motion should be denied as moot. As to statements of non-testifying witnesses, as noted above, the government will produce discovery consistent with its obligations under Brady and Giglio, but with the exception of those discovery obligations, the government is not under any obligation to produce the statement of a non-testifying witness. Accordingly, that portion of the motion should be denied.

**8.    Motion for 404(b) and 608(b) Evidence**

Finally, defendant has moved for the notice of the government's intention to offer certain evidence in accordance with Fed.R.Evid. 404(b) and 608(b). We have previously agreed to give notice of certain 404(b) evidence no later than two weeks before trial. While the government will attempt to provide notice of all Rule 404(b) evidence it plans to introduce, whether in its case-in-chief or otherwise, the government reserves the right to introduce additional Rule 404(b) evidence not contemplated at the time the government makes its pretrial disclosure which is necessary to rebut evidence introduced by defendant or elicited during his cross-examination.

The government objects to any suggestion that the Court should require the government not only to disclose the nature of any "other acts" evidence, but also to provide specific evidentiary detail, including dates, times, locations, participants, documents, the statements of each participant and copies of audio and/or video recordings of those wrongs, crimes or acts. An indictment does not require such detail to effectively put a defendant on notice of the offenses charged, see United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), and it defies logic to suggest that greater disclosure is necessary with respect to evidence of acts that do not form the basis of the charge.

The government similarly objects to any request to require the government to include any Fed. R. Evid. 608(b) evidence against him. Rule 608(b) permits inquiry, for impeachment purposes, into prior specific instances of conduct on cross examination of a witness where the conduct inquired about bears on the issue of credibility. Unlike Rule 404(b), Rule 608(b) does not require pretrial disclosure of any evidence which might be used for impeachment purposes, and defendant cites no authority entitling him to such pretrial disclosure. Indeed, defendant is not entitled to any discovery of Rule 608(b) material. See United States v. Cerro, 775 F.2d 908, 915 (7th Cir. 1985); United States v. Santillanes, 728 F.Supp. 1358, 1360 (N.D. Ill. 1990).[3] For all these reasons, defendant's motion should be

---

[3] Rule 608(b) applies to evidence of specific instances of misconduct used for impeachment. Impeachment is an important part of cross-examination, a truth-seeking tool, and advance disclosure would eliminate its effectiveness by depriving the jury of the opportunity to observe the witness' spontaneous response to the questioning, and unfairly benefit defendant. Defendant is not entitled pretrial disclosure of Rule 608(b) evidence.

denied.

## CONCLUSION

For the reasons stated above, the government respectfully requests the Court resolve defendant's motions as set forth above.

>	Respectfully submitted,
>
>	PATRICK J. FITZGERALD
>	United States Attorney
>
> BY:	/s/  Kaarina Salovaara
>	KAARINA SALOVAARA
>	Assistant United States Attorney
>	219 South Dearborn - 5th Floor
>	Chicago, Illinois  60604
>	(312) 353-8880

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following:

GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT'S PRE-TRIAL MOTIONS

was served pursuant to the district court's ECF system as to ECF filers, on May 24, 2008.

   /s Kaarina Salovaara
KAARINA SALOVAARA
Assistant United States Attorney
219 S. Dearborn St., Suite 500
Chicago, Illinois 60604
312-353-8880