UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 07 CR 858 |
| ) | Hon. David H. Coar |
| JON A. DARMSTADTER. ) | |

**GOVERNMENT'S RESPONSE
TO DEFENDANT'S "STATEMENT OF UNRESOLVED ISSUES"**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, files the following response to defendant's "Statement of Unresolved Issues."

**The Prior Proceedings Concerning Discovery and Defendant's Discovery Motions**

On February 29, 2008, the government sent defendant's current counsel a copy of the Fed.R.Crim.P. 16 letter sent to defendant's previous counsel, which letter addressed numerous discovery issues. Among other matters, the government therein acknowledged its continuing obligation to disclose *Brady* information, and the government agreed (with defendant's earlier counsel): to produce favorable evidence and discovery, including Jenck's Act material, on a rolling basis; to produce Jenck's Act material no later than three weeks prior to trial; and to produce any *Santiago* proffer and Rule 404(b) notice no later than two weeks prior to trial. Defendant's current counsel did not confer with the government about these prior agreements or any other matter in the Rule 16 letter. Instead, on or about May 9, defendant filed eight discovery motions, largely boiler plate, and made no mention

of the fact that many of his requests were addressed in the government's earlier letter.[1] Accordingly, in a consolidated response to defendant's motions, filed on May 24, the government objected that defendant had failed to comply with Local Criminal Rule 16.1 and, additionally, objected for different substantive reasons. *See "Government's Consolidated Response to Defendant's Pre-trial Motion,"* docket number 28.

Thereafter, at a hearing on June 3, 2008, and following a colloquy with counsel, the Court directed the parties to confer about the discovery motions and, subsequently, to submit any unresolved issues to the Court. The parties conferred through telephone messages in late June and early July about five issues, and on July 7, defendant filed his "Statement of Unresolved Issues" ("Statement"). In that Statement, defendant divided his Rule 404(b) and 608(b) motion and then made no mention of his prior request for Rule 608(b) evidence or three other prior motions, specifically, his motion for a bill of particulars; for disclosure relating to a confidential informant; and for electronic surveillance used in the investigation of the case. Accordingly, we respectfully suggest that defendant's prior motions for those materials are withdrawn or moot.

**The Unresolved Discovery Issues**

In his Statement, defendant pressed his prior motion for Rule 404(b) evidence and

---

[1] In the eight pretrial motions, defendant sought a bill of particulars; disclosure of favorable evidence; discovery; disclosure relating to any confidential informant; electronic surveillance used in the investigation of the case; a *Santiago* hearing; pre-trial production of Jenck's Act material; and Rule 404(b) and 608(b) evidence.

his four other requests, for disclosure of favorable evidence; for discovery; for a *Santiago* hearing; and for pre-trial production of Jenck's Act material. Defendant's requests for favorable evidence and discovery should be denied as moot because the government has acknowledged its *Brady* obligation and agreed to produce discovery on a rolling basis.

As for defendant's requests for a *Santiago* hearing, Rule 404(b) notice, and Jenck's Act material, defendant now has requested that the government produce all responsive information four weeks prior to trial instead of, as the government proposed, two and three weeks prior to trial. However, in support of each request, defendant stated only that the discovery in the case consists of over 7,000 pages, and thus production of the *Santiago* proffer, Rule 404(b) notice, and Jenck's Act material four weeks prior to trial "will allow sufficient time for adequate preparation for a defense in this matter." Defendant's Statement at 1-2.

We respectfully submit, as we did to defendant's counsel, that the previously agreed-to-schedule for the production of the requested material (that is, the *Santiago* proffer, Rule 404(b) notice, and Jenck's Act material), specifically, two and three weeks in advance of trial, is more than sufficient for defense counsel to prepare. Indeed, the adequacy of that time is made clear by defendant's own Statement, wherein he acknowledged that, long in advance of a trial date being set, the government has produced to him literally thousands of pages of documents. (The large volume of documents reflects discovery in the instant case as well as discovery in a separate case against defendant pending before the Hon. Ronald A. Guzman.)

3

Because defendant is now in possession of much of the discovery and some Jenck's Act material, well in advance of trial, and some of that information will likely be included in any *Santiago* proffer and Rule 404(b) notice, the government's proposed schedule – previously agreed to by defendant's earlier counsel – is sufficient. Put differently, defendant should abide by the entire agreement his prior counsel made with the government: defendant is to receive discovery on a rolling basis and the government shall submit certain filings or materials two and three weeks prior to trial.

Separately, defendant stated in his statement that the government has not provided copies of certain documents that the IRS possesses, including defendant's own tax returns. By way of background, the government previously filed an agreed motion for authorization to produce to defendant those returns and certain other materials in the possession of the IRS. The Court granted the motion in June; the IRS tendered the returns to the government in mid-July; and the government produced the returns, in a scanned format, to defendant on July 21. As government counsel advised defense counsel, production of additional materials in the possession of the IRS will be forthcoming.

## CONCLUSION

For the reasons stated above, the government respectfully requests the Court deny defendant's requests for favorable evidence and production of discovery as moot. Further, we respectfully request that the Court deny defendant's motions for the production of any *Santiago* proffer, Rule 404(b) notice, and Jenck's Act material four weeks prior to trial and,

4

instead, order that Jenck's Act material be produced three weeks prior to trial, and that any

*Santiago* proffer and Rule 404(b) notice be filed no later than two weeks prior to trial.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

BY:   /s/   Kaarina Salovaara
        KAARINA SALOVAARA
        Assistant United States Attorney
        219 South Dearborn - 5th Floor
        Chicago, Illinois  60604
        (312) 353-8880

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**"STATEMENT OF UNRESOLVED ISSUES"**

was served pursuant to the district court's ECF system as to ECF filers, on July 21, 2008.


    /s Kaarina Salovaara
KAARINA SALOVAARA
Assistant United States Attorney
219 S. Dearborn St., Suite 500
Chicago, Illinois 60604
312-353-8880